FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

2018 AUG 10 PM 12: 24

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

BRENDA GAIL BRANTLEY DAVIS (WILSON)

V.

Tara S. Green,

3:18CV973J32MCR

Clerk of Court FOR THE FOURTH JUDICIAL

CIRCUUIT, IN AND FOR CLAY COUNTY FLORIDA

## COMPLAINT FOR INJUNCTIVE RELIEF
## TO PREVENT THE SALE OF
1300 HAWKS CREST DR., MIDDLEBURG FLORIDA 32068

## JURISDICTION

(a) A plaintiff invoking federal jurisdiction bears the burden of establishing the "irreducible constitutional minimum" of standing by demonstrating (1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351. Pp. 1546-1547. (b) As relevant here, the injury-in-fact requirement requires a plaintiff to show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Lujan, supra, at 560, 112 S.Ct. 2130. Pp. 1547-1550.(Spokeo, Inc. v. Robins, 136 S. Ct. 1540 - Supreme Court 2016)

Plaintiff asserts that under the Supreme Court's ruling in Lujan v. Defenders of

Wildlife, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351. Pp. 1546-1547, this Court has jurisdiction of this case and the parties.

## AURGUMENT

The Plaintiff is faced with a scheduled sale of real property, located in Clay County Florida, stemming from a foreclosure action where the Order expressly states it not a judgment against the Plaintiff, but the Plaintiff's Property is the Subject of the Foreclosure sale scheduled for August 13, 2018. See Attachment 5

The Property was subject to the foreclosure because of a loan taken out by Plaintiff's father in 2008. Plaintiff's Father died in 2011 and the Plaintiff notified the previous lender of his death in June 2011, after he died. The Plaintiff notified the then lender in 2016 as well.

In 2018, January, the Current lender, who purchased the loan, filed a foreclosure suit in Clay County Florida. This suit was filed more than five (6) years after William Henry Brantley Sr. died

The Plaintiff Filed responses to the Action, as a Pro Se litigant, in this matter: (1) Defendant's Motion to Dismiss for lack of Jurisdiction (Attachment 1); and (2) Cross Motion for Summary judgment (Attachment 2). In each pleading the Plaintiff herein argued that Florida Statute 733.710 Operates as a jurisdictional Bar against claims against a deceased pursued two years after the death of a person. This bar applies to all heirs and the estate as a whole.

Florida Law states that Fla. Stat.733. 710, (1) states: *"Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative (if any), nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section."*

However, the Court entered Judgment of foreclosure more than 7 seven years after the death of Mr. Brantley(See Death Certificate attachment 2). In a strange happenstance, the Court's judgment IS NOT against the Plaintiff, however the Plaintiff Owns the Property. The Other Defendants in the action, Shirley Brantley and William H. Brantley Jr., who the judgment is against, do not own, or have any interest in the Property. This is because the Plaintiff, and the Deceased, where joint owners with the right of survivorship. Upon my father's death, I became the sole Owner of the Property.

The Problem here is that the Plaintiff's arguments appeared to have prevailed at trial, because she is not listed as a person against whom judgment was entered (Attachment 3, page 2 para 4), but Plaintiff's Property is the only property being sold (See Attachment 4).

Therefore, the risk of a real lost to Plaintiff's property, a federally guaranteed right, is just days away. The Plaintiff being Pro Se, and cannot Afford an Attorney, had to research "how" to protect herself.

As stated by the Fourth District in Comerica, section 733.710 "obviously represents a decision by the legislature that 2 years from the date of death is the outside time limit to which a decedent's estate in Florida should be exposed by claims on the decedent's assets." 673 So.2d at 167.( **Supreme Court of Florida. David R. MAY, as Administrator Ad Litem of the Estate of Oscar T. Bradley, deceased, Appellant, v. ILLINOIS NATIONAL INSURANCE COMPANY, Appellee. No. SC96652. Decided: November 16, 2000)**

The Fla S. Ct. Addressed whether Fla. 733.710 acted as a statute of limitations or a statute of non-claim that is not subject to waiver or extension. The Court held that Sect. 733.710 "is a jurisdictional statute of nonclaim that automatically bar untimely claims".

A clear read of the Statute makes clear that this bar is in place whether or not the Estate has been probated. ("***whether or not letters of administration have been issued***" Sect 733.710 (1)). Letters of administration are issued at the start of

probate, therefore, even if the estate has not been probated, section 733.710 still applies: No claim survives two years after the death of a person in Florida.

When faced with any exceptions to this statutes, May Court held that " the only exception to Section 733.710's immunity is from liability is found within its own subsection (2), which exempt from the bar of subsection (1) claims that were actually filed within the 2 year period but as to which the personal representative has failed to make payment or file an objection."

Subsection (3), though appears to be an exemption isn't an exemption at all under the Fla. S.Ct's ruling in May. This is because in Florida, the term "claim" is defined by Florida Statutes 731.204. This section states " A "claim" is defined in part as a "liability of the decedent, whether arising in contract, tort or otherwise, and funeral expenses. ( The Estate of Jo Ann Halsell Poppe, Appellant, v. Bill Webb, Jerry Halsell Poppe, Appellees, No. 1D05-5747. DCA [Oct. 11, 2006]. In this instant case, the foreclosure is a claim against the decedent arising out of a contract.

The Court shouldn't have entered an order in this case because of the holding of the Fla. Supreme Court.

Furthermore, The Ordered sale of the Plaintiff's Property, in an Order not against her personally, is a constitutional injury to the Plaintiff. This injury is compounded by the fact the as a person against whom the Judgment isn't against, there appear now ability to redress this issue on appeal. Plaintiff is not a party to the judgment.

The Clerk of Court is under Orders to Sale Plaintiff's Property within 5 days, and the Clerk's Office told the Plaintiff that only a Court Order could prevent the Sale. Therefore, the Plaintiff asks this Court to Issue an Order of Injunction against the Clay County Clerk of Court, to prevent the Sale Plaintiff's Home , located at 1300 Hawks Crest Dr., Middleburg Florida. This sale is scheduled for August 13, 2018

LAW ON INJUNCTIONS

"A preliminary injunction is appropriate if the movant demonstrates all of these elements: (1) a substantial likelihood of success on the merits; (2) that the preliminary injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm the preliminary injunction would cause the other litigant; and (4) that the preliminary injunction would not be averse to the public interest. Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir.2001)."

"The Ninth Circuit also failed to address whether the alleged procedural violations entail a degree of risk sufficient to meet the concreteness requirement. A "concrete" injury need not be a "tangible" injury. See, e.g., *Pleasant Grove City v. Summum*, 555 U.S. 460, 129 S.Ct. 1125, 172 L.Ed.2d 853. To determine whether an intangible harm constitutes injury in fact, both history and the judgment of Congress are instructive. Congress is well positioned to identify intangible harms that meet minimum Article III requirements, but a plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it. Article III standing requires a concrete injury even in the context of a statutory violation. This does not mean, however, that the risk of real harm cannot satisfy that requirement. See, e.g., *Clapper v. Amnesty Int'l USA*,568 U.S.___, 133 1544*1544 S.Ct. 1138, 185 L.Ed.2d 264. The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact; in such a case, a plaintiff need not allege any *additional* harm beyond the one identified by Congress, see *Federal Election Comm'n v. Akins*, 524 U.S. 11, 20-25, 118 S.Ct. 1777, 141 L.Ed.2d 10." (Spokeo, Inc. v. Robins, 136 S. Ct. 1540 - Supreme Court 2016)

## CONCLUSION

Plaintiff believes that she has adequately provided a strong case for the issuance of an injunction against the Clerk of Court. Florida Law supports the plaintiff's claim; The Clay County Clerk of Court will suffer no loss, economic or otherwise, from the issuance of an injunction; without the issuance of this injunction, the Plaintiff will suffer the real and lasting harm of losing the property; and this harm can be

redressed by this Court.

" <u>Further we determine that section 733.710, Florida Statutes (1991), is a jurisdictional statute of nonclaim that is not subject to waiver or extension...</u>" (Supreme Court of Florida. David R. MAY, as Administrator Ad Litem of the Estate of Oscar T. Bradley, deceased, Appellant, v. ILLINOIS NATIONAL INSURANCE COMPANY, Appellee. No. SC96652. Decided: November 16, 2000)

I hereby certify that a true and correct copy of the forgoing was served on the Follwing people on August 9, 2018:

Tara S. Green,

Clerk of Court FOR THE FOURTH JUDICIAL

CIRCUUIT, IN AND FOR CLAY COUNTY FLORIDA

At: Clay County Historical Courthouse

915 Walnut Street
Green Cove Springs, FL 32043

Date: Aug. 9, 2018

Brenda G. Davis

Pro Se,