UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRENDA GAIL BRANTLEY
DAVIS (WILSON),

        Plaintiff,

vs.                                Case No. 3:18-cv-973-J-32MCR

TARA S. GREEN, etc.,

        Defendant.

## ORDER

Pro se plaintiff Brenda Gail Brantley Davis (Wilson) filed an emergency motion today at 12:23 p.m., seeking to have the Court enter a temporary restraining order to stop the foreclosure sale of her home,[1] which is currently scheduled for Monday, August 13, 2018 pursuant to an order of the Circuit Court of the Fourth Judicial Circuit in and for Clay County, Florida. Based on her filings, it appears that plaintiff is essentially trying to appeal the state court's foreclosure judgment by filing a complaint here, but that is not a matter over which this court has jurisdiction.[2] "By entering [a] judgment[ ] of foreclosure, the Florida state court[ ] determined the foreclosure[ ] [was] proper. The[ ] state court[ ] exercised [its] authority over state law and found the foreclosing part[y] satisfied Florida's procedural safeguards." Figueroa v. Merscorp., Inc., 766 F. Supp. 2d 1305, 1324 (S.D. Fla. 2011).

---

[1] Plaintiff does not allege that she lives in the home but claims she is the property owner.

[2] The Court notes that plaintiff's papers reveal that she presented the arguments raised here to the state court.

Plaintiff seeks here to have the federal court review precisely the state law claims that were adjudicated in state court. Thus, plaintiff's claim for injunctive relief in federal court could succeed only if the federal court were to decide "that the state court wrongly decided the issues, which the Rooker-Feldman doctrine specifically prohibits." Flournoy v. Government National Mortgage Assoc., 156 F. Supp. 3d 1375, 1381 (S.D. Fla. 2016) (quoting Casale v. Tillman, 558 F. 3d 1258, 1260 (11th Cir. 2009)). See also Target Media Partners v. Specialty Marketing Corp., 881 F.3d 1279 (11th Cir. 2018). Because the Court does not find that plaintiff can show a substantial likelihood of success on the merits, plaintiff is unable to demonstrate the requirements for securing emergency injunctive relief. See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (setting out four part test to secure temporary restraining order or preliminary injunction). Plaintiff is encouraged to contact Jacksonville Area Legal Aid or a similar organization for assistance. Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 3) is **denied**. Although this is the only relief plaintiff sought in her complaint, and she has not alleged any particular basis of jurisdiction, the Court notes that it may have diversity jurisdiction because plaintiff is alleged to be a citizen of Virginia, the defendant is the Clerk of Court in Clay County, Florida, and it appears the foreclosure judgment is in an amount in excess of $75,000.00. To the extent plaintiff wishes to proceed on some other theory, she should file an amended complaint no later than **August 31, 2018**. Her motion for leave to proceed in forma pauperis (Doc. 2) will remain pending until that time.

**DONE AND ORDERED** at Jacksonville, Florida at 3:00 p.m., this 10th day of August, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

pro se plaintiff